**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ROBERT CLIFFORD WEDDINGTON,

   Plaintiff,

   v.                                                                    Civil Action No.: ELH-21-962

NATIONAL INDEMNITY INS. CO.,
CENTRAL EXPRESS, LLC,

   Defendants.

**MEMORANDUM**

The self-represented plaintiff, Robert Weddington, filed suit on April 19, 2021 (ECF 1) against Company MC and National Indemnity Company, defendants. ECF 1. He has since filed an Amended Complaint (ECF 3), as well as a Supplement (ECF 4), along with a motion to proceed in forma pauperis. ECF 5. Plaintiff's motion to proceed in forma pauperis shall be granted.

The Amended Complaint (ECF 3) and Supplement (ECF 4) were submitted in response to this Court's Order of May 11, 2021, directing plaintiff to amend his complaint, detailing the citizenship of the defendants. ECF 2. Given plaintiff's reliance on diversity jurisdiction, the Court indicated that it must discern whether it has diversity jurisdiction with respect to this breach of contract and/or tort action. *Id.*

Plaintiff initially sued National Indemnity Company and Company MC. ECF 1. The Amended Complaint references National Indemnity Insurance Company ("NICO") but omits Company MC as a defendant. ECF 3. Plaintiff also adds a defendant, Central Express, LLC

("Central"), for which plaintiff does not provide an address. ECF 4.[1] The only address he provides is for NICO, which he states is located in Nebraska. *Id*. at 5.

Plaintiff asserts that in 2018-2019, Lori Nedd[2] went to Virginia to retrieve plaintiff's truck, which was in the possession of Virginia State Police and Robinson Towing. *Id*. at 7. Plaintiff identifies the truck as a "1999 Freightliner FID Classic XL" and provides a VIN for the truck. *Id*.

According to Weddington, the truck was found abandoned and stripped of its parts. *Id*. He alleges that he learned that Central was insured through NICO. *Id*. When plaintiff wrote to NICO, he received a response from Jessica Poell, informing him that the policy did not apply. *Id*. Plaintiff concludes that this denial of his claim is fraudulent because he has "never been a part of Central Express, LLC" nor did he "lease [his] truck to them." *Id*. He states that "their policy is through National Indemnity Co. who's lible [sic] by law." *Id*.

Further, plaintiff explains that he is suing the named defendants "for the stripping of [his] 1999 Freightliner FLD Classic XL, the replacement of the truck and loss of business that could've be [sic] uptain [sic] through [his] company R and L Global, LLC." *Id*. According to plaintiff, defendants "cased, stripped and abandon[ed]" his truck. *Id*.

## I. Discussion

### A.

To guard against possible abuses of the privilege to file a complaint without pre-payment of the filing fee, the applicable statute requires dismissal of any claim that is frivolous or malicious,

---

[1] The Clerk will be directed to add Central Express, LLC as a defendant and to remove "Company MC" from the docket as a defendant. In addition, the Clerk shall correct the name of defendant National Indemnity Company to reflect National Indemnity Insurance Company.

[2] Plaintiff does not explain who Ms. Nedd is or why she was retrieving his truck from Virginia.

or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The Court is mindful, however, of its obligation to construe liberally the pleadings of a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

**B.**

As I explained in ECF 2, federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005). The court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp*., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v.*

*Poole*, 531 F.3d 263, 274 (4th Cir.2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). And, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaug*h, 609 F.3d 359, 362 (4th Cir.2010); accord *Hertz*, 599 U.S. at 96; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Plaintiff has not invoked a federal statute as the basis for his claim. Rather, he invokes this Court's diversity jurisdiction. Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). In an action commenced by a plaintiff in federal court, "the citizenship of the parties at the time of commencement of the action determines whether the requisite diversity exists." *Rowland v. Patterson*, 882 F.2d 97, 98 (4th Cir. 1989); *see Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999).

As noted, plaintiff has added Central as a defendant. For the purpose of diversity jurisdiction, the citizenship of an LLC "is determined by the citizenship of all of its members." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). However, plaintiff has not identified the members of defendant Central, let alone their citizenship. Nor has plaintiff provided an address for Central. Therefore, it is not clear whether this Court has diversity jurisdiction.

## C.

The facts asserted in the Amended Complaint closely mirror allegations raised by plaintiff in a prior lawsuit, filed in this Court on March 2, 2021, and dismissed on April 8, 2021. *See R and L Global, LLC* and *Weddington v. National Indemnity Co.*, Civil Action CCB-21-524 (D. Md. 2021). The Court may take judicial notice of cases on the Court's docket. *See* Fed. R. Evid.

201(b)(2) (permitting a court to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n. 1 (4th Cir. 1990) (holding that a district court may "properly take judicial notice of its own records").

In the prior case, Weddington, together with co-plaintiff R and L Global, LLC, a company owned by plaintiff, sued NICO, alleging that NICO had failed to make payment to him under an insurance policy for loss of his truck. *Id.,* ECF 2. The complaint was described by defendant in a motion to dismiss, as follows, *id*. at 1:

> The Complaint appears to allege that Plaintiff lost contact with his truck on May 5, 2015, when he was arrested in Virginia. The truck was reportedly towed to an impound lot and then went missing. Plaintiff reported to NICO that his truck had been stolen. Though the location of the truck was eventually discerned, NICO still did not pay for the loss. Plaintiff claims that NICO is liable under the Policy for an amount necessary to repair the truck from its condition upon recovery and for "lost business" from Plaintiff not being able to use the truck.

Further, NICO asserted that NICO informed plaintiff in late November of 2016, that his claim was denied because it was not covered. *Id*. at 2. NICO moved to dismiss the complaint because it was filed beyond the three-year statute of limitations. *Id*. (citing Md. Code, § 5-101 of the Courts and Judicial Proceedings Article).

In his opposition to the motion to dismiss, plaintiff stated that Lori Nedd went to Virginia to retrieve the truck and had it towed because parts were stripped from it. *Id*., ECF 6 at 2. The motion to dismiss was granted on April 8, 2021. *Id.,* ECF 8. Judge Blake stated that it was clear that the claim for damage to the truck and related lost business accrued by January 2017. *Id.* But, the suit was not filed until March 2021. Plaintiff did not note an appeal from the court's Order dismissing his complaint.

Notably, the Amended Complaint here was filed shortly after Judge Blake dismissed the case pending before here.  In this case, plaintiff appears to lodge a claim that should have been asserted in Civil Action CCB-21-524, as the facts closely follow the facts asserted in that case.  Therefore, as to NICO, the Amended Complaint appears to be barred by the rule against claim splitting.  "The rule against claim splitting 'prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action.'"  *Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 635 (4th Cir. 2015) (quoting *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.,* 273 Fed.Appx. 256, 265 (4th Cir. 2008)).

Additionally, with respect to plaintiff's claims against Central, the Amended Complaint appears to be barred by collateral estoppel.  Under collateral estoppel, issues of fact or law that have been conclusively determined in a previous lawsuit cannot be litigated in subsequent lawsuits brought by the same party.  *In re Microsoft Corp.*, 355 F.3d at 326.  Collateral estoppel applies if (1) the issue "is identical to the one previously litigated;" (2) the issue "was actually resolved in the prior proceeding;" (3) the issue "was critical and necessary to the judgment in the prior proceeding"; (4) the prior judgment is final and valid; and (5) the party "to be foreclosed by the prior resolution of the issue" had "a full and fair opportunity to litigate the issue" in the prior proceeding.  *Id*.

Here, it appears that plaintiff knew of any potential claim against Central at the time he filed his suit in Civil Action CCB-21-524, just one month before he filed the suit here.  Like res judicata, a court can consider collateral estoppel on its own motion under special circumstances that call for the efficient use of judicial resources.  *See Doe v. Pfrommer*, 148 F.3d 72, 80 (2d Cir. 1998); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (citing *Pfrommer's* ruling that collateral estoppel may be applied *sua sponte*).

## II. Conclusion

Plaintiff will be granted 28 days from the date of the Order which follows to show cause why his Amended Complaint should not be dismissed for lack of subject matter jurisdiction and to show cause why his Amended Complaint should not be dismissed because it is barred by res judicata and/or collateral estoppel. Plaintiff is forewarned that failure to file a timely response will result in dismissal of the Complaint, without further notice.

A separate Order follows.

June 17, 2021   /s/
Date   Ellen L. Hollander
   United States District Judge