## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ROBERT CLIFFORD WEDDINGTON,

  Plaintiff,

  v.

NATIONAL INDEMNITY INS. CO.,
CENTRAL EXPRESS, LLC,

  Defendants.

Civil Action No.: ELH-21-962

## MEMORANDUM

On June 17, 2021, this court directed plaintiff Robert Clifford Weddington to show cause why the Amended Complaint (ECF 3) should not be dismissed for lack of subject matter jurisdiction and because it is barred by res judicata and collateral estoppel. ECF 6; ECF 7. Plaintiff's response was received by this court on July 1, 2021 (ECF 9), together with a motion to appoint counsel. ECF 8. For the reasons stated below, I shall deny the motion to appoint counsel. And, the suit shall be dismissed.

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a *colorable claim* but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (emphasis supplied), abrogated on other grounds by *Mallard v. U.S. Dist. Ct*., 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

Exceptional circumstances include a litigant who "is barely able to read or write," *Whisenant* at 162, or clearly "has a colorable claim but lacks the capacity to present it," *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008).  As discussed, *infra*, *p*laintiff has not presented a colorable claim.  Therefore, his motion to appoint counsel is denied.

Plaintiff states in his response that he does not understand the legal concepts noted in this court's Memorandum directing his response and that he simply sues corporations whenever he feels they have done something wrong. ECF 9.  He explains that he does not know the address of Central Express, LLC ("Central") but that National Indemnity ("NICO") is Central's insurance company and "they have all that company's information and that's why [he] added them to the complaint."  *Id*. at 1.  Plaintiff surmises that Central is located in Virginia, where his truck was found.  *Id*. at 2.  He adds that the truck was reported stolen and was later found in the possession of Clinton Perkins on Hawk Nest Court in Richmond, Virginia.  *Id*.  An internet search revealed that there is a company known as Central Express, LLC located in Richmond, Virginia at a similar address noted for Mr. Perkins.[1]  Thus, it appears that diversity jurisdiction exists.

Plaintiff fails to explain adequately why his Amended Complaint should not be dismissed for the same reason his Complaint was dismissed in Civil Action CCB-21-524.  Rather, he simply claims that he did not have information about Central Express until after 2018, meaning, in his view that the Amended Complaint was not filed outside of the three-year statute of limitation. ECF 9 at 2-3.  Essentially, plaintiff relies on the discovery rule as an exception to the statute of limitations.  However, he knew of his injury (the loss of his truck) as early as 2015.  And, according

---

[1] *See* https://npidb.org/organizations/transportation_services/non-emergency-medical-transport-van_343900000x/1316482581.aspx listing address for Central Express as 161 Hawk Nest Ct, Richmond, Virginia.  (last viewed July 2, 2021).

to documents filed in Civil Action CCB-21-524, plaintiff knew that his claim filed with NICO was denied in 2016.

In a diversity case in this Court, the applicable statute of limitations is governed by Maryland law. It is three years. *See* Md. Code, Cts. & Jud. Proc. § 5-101. The date a cause of action for breach of contract accrues is the date of the alleged breach. *See Boyd v. Bowen*, 145 Md. App. 635, 669, 806 A.2d 314, 333 (2002). Under Maryland law, the statute of limitations is strictly construed. "Absent legislative creation of an exception to the statute of limitations, we will not allow any 'implied and equitable exception to be engrafted upon it.'" *Hecht v. Resolution Trust Corp.*, 333 Md. 324, 333 (1994) (quoting *Booth Glass Co. v. Huntingfield Corp.*, 304 Md. 615, 653 (1985)). Here, plaintiff's cause of action accrued when the alleged breach occurred, not when plaintiff discovered information about Central.

There is no evidence that plaintiff was unaware that his truck was missing or stolen. Indeed, the opposite is true. It was established in Civil Action CCB-21-524 that plaintiff's claim "for damage to a truck and related loss of business accrued no later than January 2017." *See R and L Global, et al. v. National Indemnity*, Civ. Action CCB-21-524 (D. Md. 2021) at ECF 8 (order granting motion to dismiss).

Although plaintiff appears to rely on his lack of knowledge about the law as a basis for asking this court not to dismiss his complaint and to appoint an attorney to represent him, liberal construction of pro se pleadings does not require this court to overlook an improperly filed complaint. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). Once plaintiff filed the complaint in the earlier action, it was incumbent upon him to include all claims and all parties necessary for the full litigation of his

3

claim. He did not do this. Rather, he left Central out of the lawsuit he filed in March of 2021, despite knowing of its alleged involvement sometime "after 2018." ECF 9 at 2. This is a tactic that is prohibited by the rule against claim splitting and the doctrine of collateral estoppel as set forth in my Memorandum of June 17, 2021. ECF 6. Simply stated, a plaintiff is not permitted to continue filing lawsuits for the same injury against different parties who could and should have been included in the first suit. Filing a new complaint after one regarding the same matters has been dismissed as untimely is not the proper procedure for challenging the validity of a court's decision. Appeal of the decision is the appropriate next step. Plaintiff did not take that step in Civil Action CCB-21-524.

I am sympathetic to plaintiff's plight regarding his limited resources and lack of legal knowledge. But, his status alone is not an adequate reason to subject these defendants to the costs of defending another lawsuit, nor does it justify the cost to this court to have the Amended Complaint served. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) (requiring dismissal of in forma pauperis actions that fail to state a claim). As noted by Judge Blake in her Order dismissing the complaint before her, "without deciding whether the plaintiff did or did not have a provable claim against NICO, it is too late now to file this lawsuit." *R and L Global*, Civ. Action CCB-21-524 at ECF 8.

Accordingly, by separate Order which follows, the Amended Complaint shall be dismissed.


July 9, 2021                              /s/
Date                                      Ellen L. Hollander
                                          United States District Judge

4